## Turnham's Executrix *vs.* Shouse.

COVENANT.

[Mr. McHenry and Mr. Sprigg for plaintiff: no appearance for defendant.]

FROM THE CIRCUIT COURT FOR SHELBY COUNTY.

Chief Justice ROBERTSON delivered the Opinion of the Court.

*April 6.*

ELIZA TURNHAM, as Executor of her deceased husband, (*John Turnham*,) sued *Daniel Shouse* for an alleged breach of his covenant with the testator, whereby he covenanted that a slave, whom he sold and transferred to him by the same writing, was then sound.

On an issue or a plea traversing the allegation that the slave was unsound at the date of the covenant, the jury found a verdict for the defendant in the action; and thereupon, the Circuit Court rendered judgment in bar of the action, and also a judgment against the plaintiff for costs *de bonis testatoris.*

To reverse the judgment for costs, this writ of error is prosecuted.

The common law did not entitle a successful defendant to costs in any common law action. And therefore, all the right which a defendant can claim to a judgment for costs in any such action, must be derived from statutory enactment. A statute of 23rd H. 8. c. 15. s. 1. provided, in substance, that the defendant shall be entitled to costs, "if the plaintiff be nonsuited or a verdict "pass against him in any action" &c. "upon a wrong "personal done to the *plaintiff*, or in any action" &c. "up-"on any specialty made *to the plaintiff*, or upon any con-"tract supposed to have been made between *the plaintiff* "and any other person."

This first statute allowing costs to a defendant, has been very properly construed as not applying to an action by an executor, upon a contract with his testator, or for a wrong done to his testator. And no subsequent statute, which can operate here, has extended a defendant's right to costs, in an action against him by an exe-

The common law gave no costs to a successful defendant. They are still recovered only by a stat. of H. 8, which does not apply to any case where the plaintiff sues *in autre droit:* so where an ex'or sues upon a contract made with, or for a wrong done to, his testator, there can be no judg't against him for costs, either *de bonis propriis*, or *de bonis testatoris.* But—

Where a plaintiff sues as executor, when the action should or might have been bro't in his own right, and is unsuccessful, judg't will be given against him for the defendant's costs, to be levied of the assets, if any, if none, of his own estate.

It has been adjudged in England, that, where a plaintiff abuses a fiducial privilege by wantonly prosecuting a groundless suit, or has vexed a defendant by culpable default, he may be compelled, in the discretion of the Court, to reimburse the

Spring Term
1839.

Turnham's Ex'x
vs
Shouse.

def't for his costs —not as ordinary costs, but as a penalty. But *qu.* whether this practice would be adopted here: if it should be, a rule should be given to the party from whom the costs are demanded, that he may have an opportunity to appear and exonerate himself; and the order for taxing the costs should show that he was heard, or was cited & made default, and also, the cause of the proceeding. A general judg't for costs, as in an ordinary case, would be erroneous.

cutor, upon a cause of action which had accrued only to his testator, *or for a breach of a contract with his testator.*

It has been often adjudged in this State, as well as in England, that, in such a case as this, there is no statute or principle of the common law which entitles a defendant to any judgment for costs (either *de bonis propriis* or *bonis testatoris,*) against a plaintiff suing *in autre droit,* for a breach of a contract with the deceased person whom he represents. See *Grimstead* vs. *Shirley,* 2 *Taunton,* 116; *Baynham* vs. *Matthews, Strange,* 871; *Cooke* vs. *Lucas,* 2 *East.* 395; *Hollis* vs. *Smith,* 10 *Ibid.* 293; *Tattersall* vs. *Groote,* 2 *Bos. &. Pul.* 255; *Barnard* vs. *Higdon,* 1 *Chitty's Rep.* 184; *Combre* vs. *Hardcastle,* 3 *Bos. & Pul.* 115; *Thornton, Executor of Champ,* vs. *Jett,* 1 *Washington's Va. Rep.* 138; *Carr's Executor* vs. *Anderson,* 2 *H. & M. Va. Rep.* 369; *Jameson's Administrator* vs. *Young,* 2 *Littell's Ky. Rep.* 387; *Caperton, Administrator of Carr,* vs. *Callison,* 1 *J. J. M.* 396; *Hutchcraft's Executor* vs. *Gentry et al.* 2 *Ibid.* 499.

It is equally well settled, however, by adjudged cases, that a defendant may be entitled to a judgment for costs against an unsuccessful plaintiff, who, as executor, sued him on a cause of action for which the suit either should, or might, have been brought in the plaintiff's individual right or character—in which case costs may be adjudged against the plaintiff, *de bonis testatoris si, vel non, de bonis propriis.* 2 *H. & M.* 369, *supra.*

And it has also been adjudged in England, that a plaintiff, who has abused his *fiducial* privileges by *wantonly* prosecuting in a *representative* character, a groundless suit, or has vexed a defendant by culpable default, may, in the discretion of the Court in which the suit is pending, be compelled personally to pay *special* costs, *as a penalty for contempt,* and *as some reparation to the party who has been thus inexcusably subjected to vexation and expense.*

But in this last class of cases—the judgment not being for costs, *as costs,* and the question of malconduct or contempt not being involved in the issue, or litigated between the parties—the plaintiff should, by rule or otherwise, have an opportunity to exonerate himself from apparent or imputed misconduct, and the order, if one

should be made, directing a taxation against him, should be special, showing that he was either heard, or had been cited to show cause, and showing also the cause and extent of the taxation by the clerk. A *general* judgment merely for costs, as costs, would, of course, be erroneous, in such a case. *Williams on Executors, and Combre* vs. *Hardcastle, supra.*

It may be possible, that the costs were adjudged in this case, in consequence of supposed misconduct in prosecuting a vexatious action, knowing it to be groundless. But the judgment is general, and in the usual style of ordinary judgments for costs where costs are given by law; and we have no right to presume, what the record does not intimate, and what does not appear to have been either tried or adjudged. Therefore, even if we should recognize the British doctrine and practice on this point, (a matter we need not now determine conclusively,) the judgment in this case for costs, could not be sustained.

Wherefore, the judgment for costs must be deemed erroneous, and must therefore be reversed.